Filed 9/17/20  Girgis v. Falese CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID PETER GIRGIS et al., | B298640 |
| Cross-complainants and Respondents, | (Los Angeles County Super. Ct. No. BC682176) |
| v. | |
| PHILIP FALESE, | |
| Cross-defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Philip Falese, in pro per., for Cross-defendant and Appellant.

Goode Hemme and Jerry D. Hemme for Cross-complainants and Respondents.

———————————

Philip Falese appeals from a judgment that arose out of his purported representation of David Peter Girgis and Moses Joseph Girgis (the Girgises). Falese contends the trial court erroneously excluded a document related to a retainer agreement he had with the Girgises. Despite this being his sole contention, Falese has not provided us with the document nor any record of the trial court's ruling regarding its inadmissibility. The record is therefore inadequate, and we affirm the judgment on that basis.

## BACKGROUND

The following facts are from the trial court's judgment after bench trial. Kate Aurell sued the Girgises over a botched real estate transaction.[1] As part of the transaction, the Girgises deposited $20,000 with a third party. However, when the deal fell through, the deposit was not returned. The Girgises filed a cross-complaint against attorney Falese and their real estate agent, Steve Awadalla, alleging that Falese deposited the $20,000 into his client trust account, but failed to return it to the Girgises.

At trial, Falese claimed that he and the Girgises entered into a written retainer agreement whereby he would represent them in obtaining the return of the $20,000 deposit. Falese never met with nor had any personal contact with the Girgises. Their communications were through an unidentified agent, who apparently was Awadalla.[2] Falese was not present when any

---

[1] Aurell had sued the Girgises regarding the underlying real estate transaction, but the trial court dismissed her complaint before trial.

[2] Awadalla did not respond to the Girgises's complaint and a default was entered against him.

attorney-client retainer agreement or other agreement regarding his representation of the Girgises was executed.

Using a designation of attorney supposedly signed by David Girgis, Falese obtained the $20,000. Falese then paid $15,000 to Awadalla and $5,000 to himself for services rendered for obtaining the deposit. He then billed the Girgises for his services in the amount of $10,500, minus the $5,000 he had already paid himself.

The Girgises claimed they did not retain Falese and did not sign a retainer agreement or designation of attorney with him. They did not give Falese any authority to represent their interests in obtaining the deposit. They also asserted that any signatures on the retainer agreement were forgeries.

After a bench trial, the trial court found in favor of the Girgises on their common count cause of action against Falese and awarded them $20,000.

## DISCUSSION

Falese contends the trial court erred when it excluded an addendum to the retainer agreement between himself and the Girgises. He failed, however, to provide us with the alleged addendum and any record of the trial court's ruling regarding its admissibility. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.) Because it is impossible for us to review Falese's claim, the judgment against him is affirmed.

In light of Falese's failure to provide an adequate record, the Girgises moved for sanctions against him in the amount of their costs and attorney fees. Pursuant to California Rule of Court 8.276, we gave Falese notice that we were considering imposing sanctions. Falese responded that his appeal has merit and his failure to

3

designate the proper record was merely a procedural error that does not warrant sanctions.

We are authorized to impose sanctions against a party for filing a frivolous appeal or for committing unreasonable violations of the rules of appellate procedure. (Code Civ. Proc., § 907; see Cal. Rules of Court, rule 8.276(a)(1), (4).) To ensure free access to the courts and to maintain an effective system of jurisprudence, we impose sanctions only for the most egregious conduct. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 648, 651.) While Falese failed to provide us with the relevant documentation to review his claim and recited facts in his brief without proper citations to the record, his conduct does not rise to the level of egregiousness required to impose sanctions. The Girgises's motion for sanctions, filed July 10, 2020, is denied.

## DISPOSITION

The judgment is affirmed. David Peter Girgis and Moses Joseph Girgis shall recover their costs on appeal.

NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:


LAVIN, Acting P. J.


EGERTON, J.

4